brh/tje/2006R00571

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Crim. No. 09- 778 (JLL) |
| v. | : | 18 U.S.C. §§ 1344, 1957(a) & § 2 |
| SOLOMON DWEK | : | I N F O R M A T I O N |

The defendant having waived in open court prosecution by
Indictment, the United States Attorney for the District of New
Jersey charges:

## COUNT ONE
### (Bank Fraud)

1.   At all times relevant to this Information:

a.   Defendant SOLOMON DWEK, a resident of Deal, New
Jersey, was a real estate developer based in Monmouth County and
owner of many properties throughout Monmouth and Ocean Counties,
including both commercial and residential real estate.  Defendant
SOLOMON DWEK had a long-standing personal association with Joseph
S. Kohen and utilized Kohen's brokering services in connection
with a number of defendant SOLOMON DWEK's commercial and
residential real estate deals.

b.   Joseph S. Kohen, a resident of Deal, New Jersey,
was a mortgage broker, who worked on financing commercial and
residential real estate deals.

c.   PNC Bank, National Association ("PNC Bank"), with
a branch office at Eatontown, New Jersey, was a financial

institution as defined in Title 18, United States Code, Section 20, whose deposits were insured by the Federal Deposit Insurance Corporation ("FDIC").

        d.    HSBC Bank, USA, National Association ("HSBC") was a financial institution as defined in Title 18, United States Code, Section 20, whose deposits were insured by the FDIC.

        e.    SEM Realty Associates, LLC ("SEM"), a New Jersey limited liability company, was owned and controlled by defendant SOLOMON DWEK. Defendant SOLOMON DWEK maintained a bank account in the name of SEM (the "SEM Account") at PNC Bank in Eatontown and was the only authorized signatory on that account.

        f.    Corbett Holdings II, LLC, a New Jersey limited liability company, was owned and controlled by defendant SOLOMON DWEK. Defendant SOLOMON DWEK had a bank account in the name of Corbett Holdings II, LLC (the "Corbett Account") at PNC Bank in Eatontown and was the only authorized signatory on that account. The Corbett Account was in a "closed status" with no balance.

### The Scheme to Defraud

    2.    On or about April 24, 2006, at PNC Bank's Eatontown Branch, defendant SOLOMON DWEK presented a check for deposit to the SEM Account in the amount of $25,212,076.35 ("the first $25 million check") drawn on the closed Corbett Account. When a representative of PNC Bank advised defendant SOLOMON DWEK that the Corbett account that he was seeking to draw upon was closed,

defendant SOLOMON DWEK falsely represented, in substance and in part, that "Corporate" was re-opening the account and that a wire transfer into the Corbett Account was forthcoming.

3.   On or about April 25, 2006, defendant SOLOMON DWEK was allowed to have access to the funds based on his fraudulent deposit of the first $25 million check.  That same day, knowing that there were insufficient funds to cover the first $25 million check, defendant SOLOMON DWEK made four wire transfers in the amounts of $20,000,000, $2,200,000, $580,000, and $10,000 from the SEM Account into other bank accounts.  As a result of the wire transfers, the SEM Account was overdrawn in the amount of approximately $22,790,000.

4.   Later that same day, on or about April 25, 2006, defendant SOLOMON DWEK arrived at PNC Bank's branch in Asbury Park, New Jersey.  Defendant SOLOMON DWEK presented a check, in the amount of $25,000,000 (the "second $25 million check"), drawn on the same closed Corbett Account with no balance for deposit into the same SEM Account.  PNC Bank voided the second $25 million check before defendant SOLOMON DWEK could access the funds.

5.   Defendant SOLOMON DWEK made the $20,000,000 wire transfer referred to in paragraph 3 of Count One to HSBC in order to pay off an overdue obligation on a $20,000,000 line of credit that defendant SOLOMON DWEK had fraudulently obtained from HSBC

3

and which he had fully drawn down.   Defendant SOLOMON DWEK had
falsely represented to HSBC that he was acting on behalf of
another entity to purchase commercial properties in his name to
be resold shortly thereafter to this entity.   In fact, defendant
SOLOMON DWEK had no such relationship with this entity, and the
properties that he was purporting to purchase were already owned
by defendant DWEK or worth less than he represented.

6.   In furtherance of the scheme to defraud, defendant
SOLOMON DWEK, among other things, made and caused to be made a
number of false statements.   On or about April 25, 2006, for
example, during a telephone call, defendant SOLOMON DWEK falsely
advised a PNC Bank official that he was expecting a wire transfer
from an attorney ("J.S.") that would cover the first $25 million
check.   In a further effort to falsely convince the PNC Bank
official that the wire was forthcoming, defendant SOLOMON DWEK
subsequently called back the PNC Bank official and also had
Joseph S. Kohen speak with the PNC Bank Official over the
telephone.   At defendant SOLOMON DWEK'S direction, Joseph S.
Kohen falsely represented to the PNC Bank official, in substance
and in part, that: (a) his name was "J.S."; (b) that he was an
attorney representing defendant SOLOMON DWEK; and (c) that he
would be sending a wire to cover the $25 million check.

7.   From at least on or about April 24, 2006 to on or about
May 10, 2006, in Monmouth County, in the District of New Jersey

4

and elsewhere, defendant

SOLOMON DWEK

did knowingly and willfully execute and attempt to execute a scheme and artifice to defraud financial institutions, including PNC Bank and HSBC, and to obtain moneys, funds, credits, assets and other property owned by and under the custody and control of these financial institutions, by means of materially false and fraudulent pretenses, representations and promises.

In violation of Title 18, United States Code, Section 1344 and Section 2.

## COUNT TWO
### (Money Laundering)

1.    Paragraphs 1 to 6 of Count One are realleged and incorporated herein:

2.    On or about April 25, 2006, in Monmouth County, in the District of New Jersey and elsewhere, defendant

SOLOMON DWEK

did knowingly and willfully engage in and attempt to engage in monetary transactions in criminally derived property of a value greater than $10,000 as described below, such property having been derived from specified unlawful activity, namely bank fraud, contrary to Title 18, United States Code, Section 1344, and such transactions having affected interstate commerce.

| Monetary Transaction |
| --- |
| Wire Transfer of $20,000,000 to HSBC Bank |
| Wire Transfer of $2,200,000 to HSBC Bank |
| Wire Transfer of $580,000 to Valley National Bank |
| Wire Transfer of $10,000 to Citibank |

In violation of Title 18, United States Code, Section 1957(a) and Section 2.

PAUL J. FISHMAN
United States Attorney

6

CASE NUMBER: _____

# United States District Court
## District of New Jersey

UNITED STATES OF AMERICA

v.

SOLOMON DWEK

# INFORMATION FOR

18 U.S.C. §§ 1344 and 1957(a) and
18 U.S.C. § 2

**PAUL J. FISHMAN**
*U.S. ATTORNEY NEWARK, NEW JERSEY*

BRIAN R. HOWE
THOMAS J. EICHER
ASSISTANT U.S. ATTORNEYS
NEWARK, NEW JERSEY
(973) 645-2853